Day, J.
 

 Section 1335-10, General Code, provides that: “Any person who, at the time of the passage of this act, is actively engaged in the profession or business of funeral directing shall, within sixty (60) days after the passage of this act, register as, such funeral director with the board on a form prescribed by said board, and upon payment of a fee not to exceed ten ($10) dollars, such person-shall be entitled to, and the board shall issue to such person a license as. a funeral director; which such license shall remain in full force and effect until the first day of the year following the issuance of such license. Thereafter such person or persons shall renew such license or licenses as herein provided for.”
 

 The agreed statement of facts discloses that the relator, upon the effective date of the act, was engaged in
 
 *324
 
 the “business or profession” of funeral directing, in addition to that of embalming, and was, therefore, upon compliance with the provisions of the statute, entitled to a license as funeral director without taking an examination. However, not having complied with the sixty-day provision of the above statute, he is not, as a matter of right, entitled to such license without an examination.
 

 The question now arising is whether the board has the power to prevent relator from taking an examination for a funeral director’s license unless he .first serves a two-year apprenticeship under a master funeral director.
 

 Respondent contends that relator has no right to take such examination for the reason that he failed to comply with Rule VIII, paragraph 9, adopted by the board, which reads:
 

 “Applicant must serve 2 years of funeral directing apprenticeship under the direction of a funeral director licensed by the state of Ohio. Such apprenticeship must be registered with the board in accord with requirements. During the two years of apprenticeship the applicant must direct 25 funerals of bodies which have been embalmed, said 25 funerals must be directed in the presence of and under the direct supervision of the master funeral director.”
 

 The authority of the board to require apprenticeship as a condition precedent to the right of an applicant to take such an examination must be found either in express provision of statute or under the powers of discretion vested in the board by the Legislature. Examination of the statute, however, discloses no such express provision. Section 1335-11, General Code, provides:
 

 “The board of embalmers and funeral directors of the state of Ohio may, by its rules and regulations provide for the manner in which an apprenticeship shall
 
 *325
 
 be served and the length of time thereof, which shall not be less than two years.”
 

 What apprenticeship is here referred to? Clearly, it is that apprenticeship which is provided for in Section 1335-3, General Code, the pertinent portion of which reads:
 

 ‘ ‘ The board shall fix the qualifications of applicants and the standard and scope of qualifications for licenses and specifically shall fix the qualification of applicants as embalmers, at not less than nine (9) months’ training in an approved or accredited school of embalming and prior credits of not less than four years of high school, two years’ training as an apprentice under an embalmer duly licensed in the state of Ohio, and proof to the satisfaction of the board that applicant has actually embalmed not less than twenty-five (25) dead human bodies, and the board shall further determine and fix the fees, not to exceed a total aggregate sum of ten dollars to be charged each applicant for application, registration, examination and issuance of, and not to exceed the sum of five dollars per each renewal of licenses of persons desiring to engage in the profession or business of embalming and/or further funeral directing. Nothing in this section shall apply to any person who has matriculated in an accredited school of embalming, recognized by the Ohio State board of embalming examiners, prior to the passage of this act.”
 

 Perusal of this statute discloses that the apprenticeship therein required applies to an applicant for a license as embalmer. Such applicant is required to have “two years’ training as an apprentice under an embalmer duly licensed in the state of Ohio.” However, there is no provision in this statute, or in any other statute, governing the licensing of embalmers and funeral directors, which prescribes an apprenticeship for an applicant for examination for a funeral director’s license. In the absence of such express
 
 *326
 
 statutory provision, the board is without authority to impose an apprenticeship requirement upon such an applicant.
 

 Does the board, then, derive its authority to adopt Rule VIII, paragraph 9, requiring such apprenticeship, from the power of discretion vested in it by the Legislature? That portion of Section 1335-3, General Code, which pertains to discretionary power of the board, reads:
 

 “Said board shall have the power * * * to adopt and promulgate and enforce such rules and regulations for the transactions of its business and the management of its affairs, the betterment and promotion of the educational standards of the profession of embalming and the standards of service and practice to be followed in the profession of embalming and funeral directing in the state of Ohio as it may deem expedient and consistent with the laws of the state of Ohio.”
 

 ' It is clear from the above that the Legislature vested in the board a large amount of discretion with respect to the promulgation, adoption and enforcement of rules governing the licensing of embalmers and funeral directors. However, the exercise of this discretion must be sound and not “arbitrary, tyrannical or unreasonable.” Under Rule VHI, paragraph 9, an applicant for permission to take, the examination for funeral director’s license may be required to submit to a long apprenticeship, notwithstanding his qualifications and long experience in the business of funeral directing. Though employed and engaged in that business for years, as relator herein has been, he is nevertheless, under this rule, obliged to begin anew and go through a two-year period of apprenticeship required of a novice seeking to gain entrance into that field. Although funeral directing is now his established business, the board, under its rules, may nevertheless destroy it by denying him permission to take an examination without reference to the question of qualifi
 
 *327
 
 cation, unless and until lie first serves a two-year apprenticeship under a master funeral director, ready and willing to accept him for that purpose. Such a rule is confiscatory in its effect, oppressive, arbitrary and unreasonable. Its adoption constitutes a gross abuse of discretion, to correct which a writ of mandamus will issue as prayed for.
 

 Defendant contends that relator has an adequate remedy at law by virtue of the provisions of Section 1335-7, General Code, and that therefore this court has no jurisdiction of this cause. Section 1335-7, General Code, reads, in part, as follows:
 

 “Any person who has been
 
 refused a license
 
 or whose license has been revoked or suspended, may file with the secretary of the board, within thirty (30) days after the decision of the board a written notice that he will prosecute error therefrom to the Common Pleas Court of the county within which such person whose application or license has been refused, revoked, or suspended resides, and such Common Pleas Court shall be limited in its proceedings therein to a determination as to whether the action of the board was in accord or consistent with this act or the Constitution of this state, or was arbitrary, or an abuse of discretion. Upon the filing of such notice, the secretary of the board shall transmit to the clerk of such court the record of such proceedings. The judgment of the Common Pleas Court may be reviewed upon proceedings in error in the Court of Appeals.” (Italics ours.)
 

 The above quoted statute governs appeals to the Court of Common Pleas from a refusal of a license only, but does not govern the board’s refusal to permit an applicant to take an examination for a license. Relator’s grievance is that he has been denied permission-1 to take an examination and is not, consequently, barred
 
 *328
 
 from the institution of an action in mandamus to compel the hoard to afford him that right.
 

 Writ allowed.
 

 Weygandt, C. J., Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.