Sohngen, J.
 

 With respect to the relator’s contention that he made application for a pension on the basis of disability under section 24 of the rules and bylaws, applying to a member who became incapacitated for duty through being disabled by disease or injury contracted or received while in the performance
 
 *284
 
 of his duty, the record discloses no credible evidence that relator was disabled while in line of duty as a member of the police department entitling him to retire upon full pension short of 25 years service. Although relator testified that he made application for disability pension on account of having a hernia, there is no record in the file of the board that relator appeared before the regular physician of the division of police, and there is no report in the files or records of the board from the doctor, nor is there any record in the minutes of the board that an application for pension under section 24 was ever received, considered or acted upon. There is nothing in the record to show any reason for the subsequent increase in relator’s pension, the board’s minutes showing merely that on motion of one of its members the rules and regulations were suspended and relator’s pension was increased from one-half to a full pension.
 

 This brings us to a consideration of the principal question for our decision, namely, whether the action of the board of August 1929, as found by the Bureau of Inspection and Supervision of Public Offices, was and continued to be illegal and ineffective to give to relator any right other than to $50 per month as granted in accordance with the rules and regulations of the board at its meeting of May 25, 1929.
 

 The police relief fund was established under the authority of Sections 4616 to 4631, inclusive, General Code. The board derived its rule-making authority at the time this pension was granted from Section 4628, General Code (106 Ohio Laws, 557), which provided as follows:
 

 “Such trustee shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give
 
 *285
 
 credit for prior continuous actual service in the fire department or in any other department of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by the director of public safety or the marshal of the municipality, as the case may be.”
 

 Before the rules and regulations of the board were adopted in furtherance of the provisions of Section 4628, General Code,
 
 supra,
 
 the board had no power to act in any manner whatsoever. That section imposed the duty on the board to formulate rules and regulations in regard to the qualifications of beneficiaries and the amount to which they would be entitled; the board was-not given an arbitrary discretion as to the granting or refusing of a pension. It was compelled to enact rules governing the disbursement of its funds, and without rules such board could not create a pension roll.
 

 In the case of
 
 State, ex rel. Dieckroegger,
 
 v.
 
 Conners,
 
 122 Ohio St., 359, 171 N. E., 586, involving a denial of a pension by the Board of Trustees of the Police Relief Fund of the City of Cincinnati to a policeman discharged upon charges other than dishonesty, cowardice or conviction of a felony, and involving the power conferred upon such board of trustees by Section 4628, General Code, paragraphs one and two of the syllabus read as follows:
 

 “1. The police relief fund of the city of Cincinnati was established and is maintained by virtue and under authority of statutory law, and the powers of the board of trustees of the police relief fund with respect to such fund are the powers conferred by statute.
 

 “2. A discretion has not been conferred by statute upon the board of trustees of the police relief fund to deny a pension to a retired or dismissed police officer who is entitled to a pension by the rules of such board
 
 *286
 
 duly adopted and in force at the date of his retirement or dismissal.”
 

 In that case, on page 364, Judge Robinson, writing the opinion, said:
 

 “When the Legislature by Section 4628 made it the mandatory duty of the board of trustees of the police relief fund to make rules and regulations for the distribution of the fund, including the qualifications of those to whom .any pension shall be paid and the amount thereof, the Legislature vested in the board of trustees of the police relief fund discretion only to prescribe the rule by which qualifications for pension will be determined and the rule by which the amount of such pension will be computed. Manifestly, the requirement that qualification be determined by rule excludes any implication that the Legislature intended that the board of trustees of the police relief fund should determine qualification in any other manner; and the same is true of the requirement that the amount be determined by rule.” See, also,
 
 State, ex rel. Little, v. Carter,
 
 111 Ohio St., 526, 146 N. E., 56, 57;
 
 Holmes et al., Board of Trustees,
 
 v.
 
 State, ex rel. Delaney,
 
 93 Ohio St., 480, 113 N. E., 1070.
 

 In view of the above authorities, we have reached the conclusion that where a board of trustees of a police pension fund is required by law to enact rules and regulations, with the power to specify by rule duly adopted the qualifications of those to whom a pension shall be paid and the amount thereof, the board has
 
 no
 
 power to waive such rules, or the requirements thereof, for any purpose whatsoever unless the power to do so is specifically reserved in it by law. Not being so reserved, the board, in the instant case, was without authority to waive its rules, and the resolution of the board adopted .in August 1929, suspending the rules and regulations and granting relator a full pen
 
 *287
 
 sion was illegal and ineffective. Such increase in pension being illegal and ineffective, it became the duty of the board, on discovery of the illegality of the award through the report of the Bureau of Inspection and Supervision of Public Offices, to correct it, which was done by the adoption of the resolution of July 25, 1945, reducing the payments to relator from $100 to $50 per month.
 

 .In view of the board’s request that this court treat the cross-petition as having been dismissed, no consideration is being given to the questions raised by such cross-petition.
 

 The judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Stewart, JJ., concur.