44

GARONO, APPELLANT, *v.* STATE BOARD OF LANDSCAPE
ARCHITECT EXAMINERS, APPELLEE.

[Cite as Garono v. Bd. of Landscape Architect Examiners
(1973), 35 Ohio St. 2d 44.]

(No. 72-863—Decided June 27, 1973.)

45

*Messrs. Luchette, Hoffman & O'Brien* and *Mr. James E. Hoffman, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Robert J. Walter,* for appellee.

HERBERT, J. Appellant has raised three specific challenges to the constitutionality of R. C. 4703.40. He contends that, insofar as it prohibits him from practicing the occupation of landscape architecture for failure to make application for registration as a "landscape architect" within one year from the passage of the licensing statute, the section operates in violation of the due process and the equal protection provisions of the federal and state constitutions.[1] He also urges that R. C. 4703.40 was enacted in contravention of the constitutional ban against retroactive legislation.[2]

---

[1]Specifically, appellant alludes to Section 1 of Article I of the Ohio Constitution and Section 1 of Amendment XIV to the United States Constitution.

[2]In respect to retroactive laws, appellant refers to Section 28 of Article II of the Ohio Constitution and Section 10 of Article I of the United States Constitution, but the latter section has traditionally been associated with criminal sanctions.

Occupational licensing is not new in this state. At the time of the enactment of R. C. 4703.30 *et seq.*, the General Assembly had already imposed regulations on the practice of a wide variety of occupational activities,[3] administered by a proliferation of licensing authorities, and had even effected the complete prohibition of some practices,[4] all pursuant to the right of the state under its police power to regulate or prohibit an occupation if necessary for the public welfare. *Great Atlantic & Pacific Tea Co.* v. *Grosjean* (1937), 301 U. S. 412; *Murphy* v. *California* (1912), 225 U. S. 623; *State, ex rel. Clark,* v. *Brown* (1965), 1 Ohio St. 2d 121, 205 N. E. 2d 377. Provisions allowing escape from examination requirements for professional licensing under new enactments had also been previously enacted. Cf., *e. g., State, ex rel. Homan,* v. *Board of Embalmers and Funeral Directors* (1939), 135 Ohio St. 321, 21 N. E. 2d 102.

R. C. 4703.30 *et seq.*, were not nearly as comprehensive or restrictive as many of the other occupational licensing schemes. The primary impact of those sections is framed in R. C. 4703.32: "(A) No person shall use the title 'landscape architect' * * * unless he is registered under Sections 4703.30 to 4703.49 * * * or holds a permit * * *." A practitioner, upon qualifying, becomes entitled to use the label, "landscape architect." Only the title, not the practice or profession, is restricted to licensees. Unregistered members may continue to practice, but without employing the title. Thus, appellant's allegation that the law prohibits him from practicing his profession is not well taken; only his use of the title "landscape architect" is proscribed.

---

[3]*E. g.*: Accountants, Chapter 4701; architects, Chapter 4703; attorneys, Chapter 4705; auctioneers, Chapter 4707; barbers, Chapter 4709; cosmetologists, Chapter 4713; dentists, Chapter 4715; embalmers and funeral directors, Chapter 4717; pharmacists, Chapter 4729; physicians, Chapter 4731; professional engineers, Chapter 4733; veterinarians, Chapter 4741.

[4]Debt Pooling (unless licensed prior to January 1, 1958), R. C. 4710.-02; astrology, fortune telling, clairvoyancy or palmistry, R. C. 2911.16 (see *Davis* v. *State* [1928], 118 Ohio St. 25, 160 N. E. 473).

However, appellant's argument relating to due process also involves a question of notice, since he maintains that he has suffered economic loss by being prohibited from using the title "landscape architect" in the pursuit of his livelihood. The suggestion that appellant was not notified of the one year freedom from examination must be viewed in connection with the attempts to notify him. The State Board of Landscape Architect Examiners, faced with a potentially large group of unknown persons likely to be affected by the enactment of the registration law, including but not limited to those representing themselves as "landscape architects," attempted to provide notice by resorting to an extensive plan of advertisement in various publications.[5] We are convinced that such plan was constitutionally adequate, not because it necessarily reached everyone, but because under the circumstances it was reasonably calculated to reach those who could not easily be informed by other means at hand. *Armstrong* v. *Manzo* (1965), 380 U. S. 545; *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306.

The practical effect of R. C. 4703.40, after November 11, 1966, was to forbid waiver of the examination requirements for Ohio residents desirous of obtaining registration as landscape architects. Appellant does not contest the right of the state to license landscape architects or to administer a comprehensive examination as a prerequisite to that license in accordance with its police power.

Appellant argues further that he has been denied the equal protection of the laws. However, at no place does

---

[5]"Member Labrenz: I might add that beyond what was required by law, we wrote or ran an article in the current issue of the American Association of Nurserymen so that those landscape architects associated with nurseries and those associated with the professional community would have an opportunity to read about it there. We also advertised nationally in the various architectural publications several times. This is in addition to the required notices in the various newspapers around the state." (Transcript of hearing before the State Board of Landscape Architect Examiners.)

the instant record disclose that any practitioner, including appellant, has been treated differently under the registration laws since November 11, 1966. Since that date, all resident applicants must take and pass the examination in order to be licensed as "landscape architects." In that sense, every fit applicant is subject to the same requirement. Likewise, prior to that date all persons in appellant's position regarding previous experience were subject to the same admission standards. Appellant's contention that he is now excluded from resorting to the law as applicable prior to November 1966, because of his own failure to make timely application, does not betoken an "invidious discrimination" within the meaning of the Equal Protection Clause. *Williamson* v. *Lee Optical of Oklahoma* (1955), 348 U. S. 483, 489.

Finally, appellant proposes that R. C. 4703.40 was enacted in contravention of the constitutional ban against retroactive legislation contained in Section 28, Article II of the Ohio Constitution. "Retroactive legislation," however, is not presented by the mere placement of a new statutory restriction upon the use of a title previously subject to no regulation. The statutes here concerned are prospective in effect.

We find no constitutional infirmity in R. C. 4703.40, and it is clear from the statutes involved that no person not licensed or registered to practice landscape architecture in any other state or territory of the United States may be registered as a "landscape architect" in Ohio after November 11, 1965, unless he has met the requirements of R. C. 4703.40 or has passed the examination prescribed in R. C. 4703.34.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. Brown, JJ., concur.