SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.

BROOKS, Appellant,

v.

OHIO BOARD OF EMBALMERS AND FUNERAL DIRECTORS et al., Appellees.

[Cite as *Brooks v. Ohio Bd. of Embalmers & Funeral Directors* (1990), 69 Ohio App.3d 568.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1514.

Decided Sept. 27, 1990.

*Chester, Hoffman, Willcox & Saxbe, John J. Chester* and *John E. Breen,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Christopher B. McNeil,* for appellees.

BURKHART, Judge.

This is an appeal by appellant, Sheldon Lee Brooks, from a judgment of the common pleas court affirming an order of appellee, Ohio Board of Embalmers and Funeral Directors ("board") denying appellant's application for licensure as a funeral director. The board denied appellant's application for the reason that appellant failed to meet the educational requirements established by administrative regulation.

Appellant has worked for the majority of his fifty-seven years in various aspects of the funeral business. His experience includes employment with a variety of funeral homes, most recently with the Brooks Funeral Home located in Columbus. Appellant acquired an interest in the Brooks Funeral Home in 1970 where he, in conjunction with a licensed funeral director, operates the funeral home.

Appellant has also attended various post-secondary educational institutions, including the Ohio State University and Ohio Dominican College. As a result of his college education, appellant has the equivalent of forty-seven semester credit hours.

In May 1987, appellant submitted an application to the board for licensure as a funeral director. The board, by letter dated June 2, 1987, proposed the denial of his application for the reason that appellant lacked the equivalent of sixty semester credit hours as required by Ohio Adm.Code 4717–1–12(A). Believing that his substantial experience in the funeral business was equivalent to twelve semester hours of study in an accredited university, appellant petitioned the board for a hearing on his application. The board conducted an adjudication hearing in October 1987 before a hearing officer of the board. By report and recommendation dated December 23, 1987, the hearing officer recommended that appellant's application for licensure as a funeral director be denied. The hearing officer concluded that neither R.C. 4717.06 nor Ohio Adm.Code 4717–1–12(A) authorized the board to grant appellant credit for "life experience." The hearing officer premised this conclusion upon statutory and regulatory language which required two years of post-secondary education in an accredited university. Finding that the board had no inherent power to waive such requirement, the hearing officer determined that appellant failed to meet the educational requirements imposed by both statute and rule. The board overruled appellant's objections to the recommendation of the hearing officer on January 15, 1988.

Upon appeal pursuant to R.C. 119.12 to the common pleas court, that court concluded that the board's decision was supported by reliable, probative and substantial evidence. On December 5, 1989, the common pleas court affirmed the order of the board denying appellant's application for licensure as a funeral director.

On appeal, appellant sets forth the following three assignments of error:

"I. The board failed to correctly apply its statutes.

"II. The board has inherent power to see that its laws are administered fairly.

"III. The board's statutes, as applied, are unconstitutional."

Under his first assignment of error, appellant maintains that the board misconstrued the statutory language in R.C. 4717.06(B). Appellant contends that because the statute specifies that the board shall admit to examination for a funeral director's license any applicant who demonstrates that he has earned the equivalent of two years of general education in an accredited university, such requirement empowers the board to recognize practical experience as the equivalent of formal college education.

The interpretation of statutes by an administrative agency is entitled to due deference by a reviewing court. *State, ex rel. McLean, v. Indus. Comm.* (1986), 25 Ohio St.3d 90, 92, 25 OBR 141, 143, 495 N.E.2d 370, 372;

*Jones Metal Products Co. v. Walker* (1972), 29 Ohio St.2d 173, 181, 58 O.O.2d 393, 398, 281 N.E.2d 1, 8; and *State, ex rel. Kildrow, v. Indus. Comm.* (1934), 128 Ohio St. 573, 580–581, 1 O.O. 235, 238, 192 N.E. 873, 880–881. As long as the construction given by the agency to a rule or statute is reasonable and consistent with the underlying legislative intent, courts will allow that construction to stand. *State, ex rel. DeBoe, v. Indus. Comm.* (1954), 161 Ohio St. 67, 53 O.O. 5, 117 N.E.2d 925, paragraph two of the syllabus. However, an agency may not by rule add an additional requirement not imposed by statute. See, *e.g., State, ex rel. Homan, v. Bd. of Embalmers & Funeral Directors* (1939), 135 Ohio St. 321, 14 O.O. 221, 21 N.E.2d 102, syllabus.

█ Here, the requirement imposed by Ohio Adm.Code 4717–1–12(A) provides:

" * * * [T]he applicant for funeral director's license must obtain a funeral director's application for registration, form F–1, showing that the applicant has earned prior credits of not less than two years of general education or the equivalent thereof consisting of not less than sixty semester hours or ninety quarter hours in a college or university * * *."

This rule constitutes a reasonable and valid interpretation of the statutory requirement imposed by R.C. 4717.06(B), which provides that an applicant complete " * * * a minimum of two years general education, *or the equivalent thereof in semester or quarter hours * * *."* The statutory language requiring education equivalent to two years of college-level work specifies that such work be in semester or quarter hours. The administrative rule merely quantifies the number of such semester or quarter hours which is equivalent to two years of post-secondary education. There is nothing in the record to suggest that sixty semester hours is not the equivalent of two years of general education in an accredited university or college. The first assignment of error is overruled.

Appellant asserts under his second assignment of error that the board has the inherent power to give him credit for prior work experience such that his twenty-five years of work in the funeral industry is the equivalent of twelve semester hours of college level work. It is appellant's position that the board erred in concluding that it had no power to waive its sixty semester-credit-hour requirement and grant appellant's application to sit for the licensing examination for funeral directors.

█ The essence of appellant's second assignment of error is that the board is empowered to waive its administrative regulation such that "a fair result" is reached. However, an agency is required to comply with the substantive requirements of its own regulations. See *State, ex rel. Consum-*

*ers League of Ohio, v. Ratchford* (1982), 8 Ohio App.3d 420, 422, 8 OBR 544, 546, 457 N.E.2d 878, 880. Where the agency has enacted rules and regulations pursuant to statute which restrict the agency's discretion to grant or deny a benefit, such agency has no power to waive the qualifications established by those rules or regulations. Cf. *State, ex rel. Wichman, v. Bd. of Trustees of Police Relief Fund of Cleveland* (1948), 150 Ohio St. 280, 37 O.O. 503, 80 N.E.2d 842.

Here, R.C. 4717.06(B) imposes a requirement of two years' general education or the semester-hour equivalent of such education in an accredited university or college of this state. The rule implements the statutory requirement by specifying that sixty semester hours is the equivalent of two years of general education. This is a substantive requirement and the board had no power to ignore its own regulation. The trial court did not err in this respect. The second assignment of error is overruled.

Finally, appellant contends that Ohio Adm.Code 4717-1-12(A) is unconstitutional as violative of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. More particularly, appellant maintains that the sixty semester-hour requirement of the regulation furthers no legitimate state objective and that its application to appellant in light of his work experience is fundamentally unfair.

The standard of review required by the Equal Protection Clause requires that an administrative regulation, at a minimum, further a legitimate government interest. Cf. *Roosevelt Apts. v. Nichols* (1983), 10 Ohio App.3d 232, 234, 10 OBR 327, 329, 461 N.E.2d 1324, 1326. If the regulation bears any rational relationship to a legitimate governmental interest, the regulation must be upheld. *Id.*

Appellant does not dispute the legitimacy of Ohio's interest in assuring competency among funeral directors. The legislature has empowered the board to achieve this goal by testing license applicants on subjects specified by the board. R.C. 4717.07. The board has determined that these areas include psychology, accounting, ethics and speech. Ohio Adm.Code 4717-01-15(D). There is no evidence in the record to suggest that these subjects have no relationship to the skills required of a competent funeral director. See R.C. 4717.01(B). Moreover, it is reasonable to assume that two years of college-level education will provide some competence in these areas. As such, appellant has failed to demonstrate that the educational requirements imposed by either statute or rule bear no reasonable relationship to the state's interest in promoting competency among funeral directors.

■ With respect to appellant's due process claims, appellant appears to suggest that because he has worked the majority of his life in the funeral business, he is entitled to be licensed by this state as a funeral director. However, R.C. Chapter 4717 does not vest entitlement to be licensed as a funeral director absent compliance with the specific statutory provisions. As noted above, both the statute and the regulation bear some reasonable relationship to a legitimate governmental interest and reflect neither an arbitrary nor capricious exercise of legislative power. As such, appellant's due process claim is devoid of merit. The third assignment of error is overruled.

Having overruled all three assignments of error, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

McCormac and John C. Young, JJ., concur.

George F. Burkhart, J., of the Muskingum County Common Pleas Court, sitting by assignment.