**VINCE, Appellant,**

v.

**OHIO BOARD OF EXAMINERS OF ARCHITECTS, Appellee.**

Court of Common Pleas of Ohio,
Portage County.

No. 94 CV 0493.

Decided Dec. 6, 1994.

**24**

*Timothy P. Vince,* pro se.

*Michael W. Gleespen,* for appellee.

GEORGE E. MARTIN, Judge.

This matter is before the court upon an appeal by Timothy P. Vince, plaintiff-appellant, from the decision of the Ohio Board of Examiners of Architects, defendant-appellee ("Board"), denying appellant's appeal from a determination of the Director, Ohio Board of Examiners of Architects ("Director"), refusing appellant the opportunity to take the architect registration examination for certification as an architect.

## I. Record on Appeal and Issues Presented

The transcript of proceedings before the Board reveals that appellant made application to the Board in October 1993, to be approved to take the architect registration examination for certification as a professional architect. He was aware that the admission standards were going to change on January 1, 1994. The Director evaluated appellant's application to sit for the examination and determined that it lacked documentation of the necessary educational requirements. Appellant's application was denied. Appellant then filed an appeal with the Board asking it to reevaluate his work experience and education, for which he believed he did not receive sufficient credit.

At the hearing on appellant's appeal the Director testified that he had reviewed appellant's application and scored it for the purpose of ascertaining if it was sufficient to meet the educational credit of five points and the experience credit of three points. He testified that his review was guided by Ohio Adm.Code 4703-1-08 and 4703-1-09.

Each application to sit for the examination is reviewed based upon a complicated formula involving education and experience. The applicant must achieve at least five total educational credits to be eligible to sit for the examination. However, related work experience can be credited as educational credit.

In reviewing appellant's application, the Director completed an "Evaluation of Record" form detailing the credits approved for appellant. In applying the standards in affect prior to January 1, 1994, appellant was credited with 2.76 points out of the five which were necessary to be eligible to take the examination. The Director concluded that appellant did not qualify to take the examination.

When the Director applied the new standards which were effective January 1, 1994, which would require a professional degree and internship, appellant similarly did not meet the minimum qualifications. The Director then notified appellant in writing of the decision and his right to appeal.

Appellant requested a hearing before the Board. At hearing appellant questioned the Director as to why he had not been granted credit for his work with Isaac A. Lewin, a professional engineer, Roger M. Nall of Nall & Associates, a civil engineering firm, L. Judd Douglas, a registered architect, and Geis Construction Company, where appellant worked under the direct supervision of James F. Murfin, a registered architect, though not directly employed by him. The Director responded that in order for educational credit to given for work experience, work must be performed for a registered architect while employed by an architectural firm. As to appellant's work with Douglas, the Director commented that the application amounted only to an employment reference and contained insufficient documentation substantiating the duration and type of employment as required by the rules.

The Board questioned whether appellant was allowed the appropriate credits for his education, which apparently did not include three college credit hours for a course taken at Cleveland State University. With these credits, appellant's educational credit should have totaled one hundred nine rather than one hundred six for which he was credited by the Director. Upon questioning by the Board, the Director responded that he apparently overlooked the documentation in the file verifying the additional three credit hours.

Based upon the evidence presented, the Board determined that appellant did not possess the educational qualifications required to sit for the architect examination, affirming the decision of the Director. Appellant then filed the present appeal.

In his appeal to this court, appellant argues that his application should not be judged by the standard in effect after he applied to sit for the examination, but by the standard in effect at the time of he filed his application. Secondly, he asserts that he was denied certain "points" in the evaluation of his application in the areas of school course credits and work history.

## II. Standard of Review

In an administrative appeal, the court sits as a court of appeals. In deciding the matter, the court is limited to the record represented by the transcript of proceedings before the administrative agency. The court's discretion is guided by R.C. 119.12, which provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the

court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

The court's review is limited to determining whether, upon consideration of the record, the Board's decision is supported by reliable, probative, and substantial evidence and is in accordance with law. *Hall v. Ohio Bd. of Landscape Architect Examiners* (1993), 91 Ohio App.3d 401, 632 N.E.2d 954; *Midwest Fireworks Mfg. Co., Inc. v. Hennosy* (1991), 71 Ohio App.3d 490, 494, 594 N.E.2d 725, 727–728. In its review, the court must give due deference to the administrative resolution of evidentiary conflicts and not substitute its judgment for that of the administrative agency. *Hall, supra,* at 403, 632 N.E.2d at 955. If the Board's decision is lawful and supported by reliable, probative, and substantial evidence, its decision must be upheld. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 572, 589 N.E.2d 1303, 1305–1306.

### III. Discussion of Law and the Record

The issues presented are whether appellant's application should have been judged under the criteria in effect prior to January 1, 1994, and if so, whether his education and work experience were properly credited to him.

#### A. Standard to be Applied to Application

Appellant argues that the Director applied an inappropriate standard to his application and maintains that his application should have been judged by the criteria in effect at the time he applied. This court agrees.

■ Appellant, knowing that the standards for admission to the architect examination were to change January 1, 1994, filed his application to take the examination in October 1993. Although the Director's testimony before the Board tended to indicate that appellant's application was judged on both criteria, the appropriate standard was that standard existing at the time the application was filed. See, generally, *Garono v. State Bd. of Landscape Architect Examiners* (1973), 35 Ohio St.2d 44, 64 O.O.2d 25, 298 N.E.2d 565; *Livisay v. Ohio Bd. of Dietetics* (1991), 73 Ohio App.3d 288, 596 N.E.2d 1129. Consequently, this court in reviewing the present appeal will apply the standards in effect at the time appellant's application was filed with the Director.

#### B. Evaluation of Application

Secondly, appellant argues that neither the Director nor the Board credited him with the number of points his application deserved. Appellant identifies

three areas where he was allegedly shorted points: (1) no credit for working with professional engineers; (2) no credit while working under the direction and supervision of a registered architect while employed by Geis Construction Company; and (3) no credit for a college course taken at Cuyahoga Community College.

### (1) Work with Professional Engineers

■ The Director refused appellant credit for his work experience obtained with Isaac A. Lewis, P.E., a professional engineer, and Roger M. Nall, a professional engineer with Nall & Associates, a civil engineering firm. In this regard, Ohio Adm.Code 4703-1-09 provides, in pertinent part, as follows:

"(C) Experience requirements may be fulfilled by completing three years of experience *in the office of an architect* or the equivalent experience thereof as specified in paragraph (D) of this rule (alternate 1), and 'Table B' or by completing the requirements set forth under paragraph (E) of this rule (alternate 2) and 'Table C.'

" * * *

"(D) Experience requirements—alternate 1.

"(1) Evaluation of credit for experience *in the office of an architect* and in related areas shall be at the discretion of the board and in accordance with 'Table B.'

" * * *

"(5) Organizations will be considered to be *'offices of registered architects'* if *the architectural practice of the organization is in the charge of an architect* responsible for the organization's architectural activities and decisions *and the applicant works under the direct supervision of a registered architect.*" (Emphasis added.)

A review of the letters on behalf of appellant from the professional engineers reveal that such work was not conducted "under the direct supervision of a registered architect," but under a professional engineer. Certainly, an accrediting agency such as the Board can require that qualifying work experience be conducted by a member of the agency's own profession. Even though many facets of the work of an engineer are similar to that of an architect, the differences justify the Board, through its rules, to make such distinction. As the requirement of working under an architect was not met while working with professional engineers, appellant was justifiably refused credit for such work.

## (2) Credit for Work Supervised by an Architect

Appellant was denied credit for qualifying work performed while employed by Geis Construction Company under the supervision of a registered architect. The Director's reason for refusing credit was that appellant was not employed by an architectural firm.

As stated above, Ohio Adm.Code 4703–1–09(D) provides credit to applicants for work "in the office of an architect." Further definition of that phrase is provided by Ohio Adm.Code 4703–1–09(D)(5), which provides:

"Organizations will be considered to be 'offices of registered architects' if the architectural practice of the organization is in the charge of an architect responsible for the organization's architectural activities and decisions and the applicant works under the direct supervision of a registered architect."

The rule by its plain wording applies to any organization whose architectural activities are in the charge of an architect. This does not mean that only architectural "firms" qualify as "organizations" under the rule.

Here, the record reveals that appellant was employed by Geis Construction Company to work with their consultant architect James F. Murfin, a registered architect. Murfin's letter indicates that appellant performed qualifying duties "under [Murfin's] direct control and supervision." That is all the statute and rule require. There is no requirement under the rule that the qualifying work experience be performed while an employee of an architectural firm.

■ The obvious purpose of the rule is to ensure that the experience gained is relevant and germane to the applicant's future professional activities. While experience under the tutelage of a registered architect is certainly rationally related to the quality of the experience potential applicants will receive in their professional training, the organizational structure under which such experience is received—here from an independent consultant of the developer—is not. Although interpretations of its rules by an administrative agency are entitled to due deference, the construction must be reasonable and consistent with the underlying purpose of the rule. See *Brooks v. Ohio Bd. of Embalmers & Funeral Directors* (1990), 69 Ohio App.3d 568, 591 N.E.2d 301. This court can conceive of no rational relationship between the Board's construction of the rule and the underlying purpose and interest the statute and rule are attempting to promote. As long as qualifying work is performed under the direct control and supervision of a registered architect, an applicant should be credited with that work experience pursuant to Ohio Adm.Code 4703–1–09.

■ This court concludes that the Board's apparent refusal to credit appellant with experience gained working directly under the control and supervision of

James F. Murfin, a registered architect, was an abuse of discretion and is unsupported by reliable, probative, and substantial evidence and is not otherwise in accordance with law. Therefore, that portion of the Board's and Director's findings are overruled.

### (3) Proper Educational Credit

Finally, appellant asserts that the Board did not properly credit him with his course work at Cleveland State University. The record, however, tells a different story. It is true that the Director apparently overlooked documentation of that course work in the application, but the Board did not. The record reveals that the Board questioned the Director about the lack of credit for the course at Cleveland State University and determined that appellant should have been given three additional credit hours for his education. Appellant's arguments in this regard fail in light of the clear evidence in the record. This court concludes that the Board granted appellant the proper credit hours of education.

### IV. Conclusion

Appellant claims to have been improperly denied credit for certain education and work experience. The Board properly credited appellant with his education and properly denied credit for his work under the supervision of professional engineers. In these regards, the Board's decision is supported by reliable, probative, and substantial evidence and is otherwise in accordance with law.

However, the Director's decision refusing educational credit for appellant's work under architect James F. Murfin did not comply with Ohio Adm.Code 4703–1–09, and the Board's apparent affirmance of that decision is not supported by reliable, probative, and substantial evidence and is not otherwise in accordance with law. Appellant should have been credited with his work with architect James F. Murfin in October through December 1993, which would give appellant additional credit.

Finally, even with the additional credit which this court determines appellant should be awarded, his total educational credits are insufficient to meet the requirement of five credits required to sit for the architect registration examination. The Board's ultimate decision that appellant does not currently meet the educational requirements necessary to sit for the architect examination is therefore supported by reliable, probative, and substantial evidence and is in accordance with law. Absent a determination to the contrary, this court cannot overturn that decision, and the court must therefore affirm the decision of the Board.

It is therefore ordered that the decision of appellee Board be and hereby is modified to reflect educational credit for work performed under the direct

supervision of registered architect James F. Murfin while appellant was not directly employed within the firm of a registered architect.

It is further ordered that with the above modification the appeal of appellant be and hereby is denied, and the decision of appellee Board be and hereby is affirmed, as modified.

Costs are to be taxed to appellant.

*So ordered.*