JOURNAL ENTRY AND OPINION
{¶ 1} William P. Mulhausen, Ph.D., pro se, appeals from the judgment of the common pleas court, which affirmed the decision of the Ohio Counselor, Social Worker and Marriage and Family Therapist Board (the "Board") denying his application for licensure as an independent marriage and family therapist. We affirm.
 {¶ 2} Under R.C. 4757.30 and Board rules promulgated under this statute, there are two ways an individual can attain licensure as an independent marriage and family therapist. One way is to take the licensing exam and meet the educational requirements specified in R.C.4757.30(A), as implemented by O.A.C. § 4757-25-01. The second way is by meeting the requirements of the grandparenting provision, as set forth in R.C. 4757.30(D) and O.A.C. § 4757-25-04(C). Licensure is granted under the grandparenting provision if applicants have practiced in the area *Page 2 
of marriage and family therapy for at least five years and, at the time of application, possess membership in the American Association for Marriage and Family Therapy ("AAMFT").
 {¶ 3} Dr. Mulhausen, who has extensive education and experience in psychological counseling, applied for licensure under the Board's grandparenting provision. The Board originally denied his application on the basis that he had not practiced as a marriage and family therapist for five years, but upon finding its error, notified Dr. Mulhausen that it was denying his application because he did not possess the required membership in AAMFT. At Dr. Mulhausen's request, the Board's Marriage and Family Therapist Professional Standards Committee held a hearing regarding his request for licensure. Dr. Mulhausen was represented by counsel at the hearing.
 {¶ 4} Subsequently, the Board issued an adjudication order finding that Dr. Mulhausen did not meet the requirements for licensure as a marriage and family therapist in the State of Ohio. Specifically, the Board found that "Dr. Mulhausen does not meet the grandparenting requirements for licensure as an Independent Marriage and Family therapist since he does not hold the clinical or associate level member in AAMFT at the time of application." *Page 3 
 {¶ 5} Dr. Mulhausen appealed to the common pleas court, which held that the Board's order was supported by reliable, probative, and substantial evidence and in accordance with the law. He now appeals from that judgment.
 {¶ 6} Our standard of review is whether the trial court abused its discretion in concluding that the agency's decision was supported by reliable, probative, and substantial evidence and in accordance with the law. Absent an abuse of discretion, a court of appeals must affirm the trial court. Pons v. Ohio State Medical Bd. (1993), 66 Ohio St.3d 619,621; Lorain City School Dist. Bd. of Edn. v. State Emp. RelationsBd. (1988), 40 Ohio St.3d 257, 260-261. We find no abuse of discretion here.
 {¶ 7} The record reflects that Dr. Mulhausen applied for licensure pursuant to the grandparenting provision of R.C. 4757.30(D) and O.A.C. § 4757-25-04(C)(3), which requires applicants to have practiced in the area of marriage and family therapy for at least five years and to possess membership in AAMFT. The July 27, 2005 notice of opportunity for hearing letter sent by the Board to Dr. Mulhausen stated that his application to be licensed as an independent marriage and family therapist was denied because he did not possess the required membership in AAMFT.
 {¶ 8} The transcript of the hearing before the Board indicates that the issue addressed during the hearing was whether Dr. Mulhausen had the required membership. State's witness Tracey Hosum, former marriage and family therapist *Page 4 
license coordinator, testified that she spoke with Dr. Mulhausen while she was processing his application, and he told her that he did not have the required membership. In addition, Dr. Mulhausen admitted during the hearing that he did not possess membership in AAMFT.
 {¶ 9} During the hearing, Dr. Mulhausen's counsel argued that the Board should make an exception for Dr. Mulhausen and grant him licensure despite his admitted failure to possess the required membership because of his many other professional qualifications. Specifically, Dr. Mulhausen's counsel argued that even though the statute requires AAMFT membership, the Board is not precluded under the statute from making an exception from the AAMFT requirement.
 {¶ 10} The Tenth District addressed a similar argument in Brooks v.Ohio Bd. of Embalmers and Funeral Dirs. (1990), 69 Ohio App.3d 568, where an applicant for licensure as a funeral director argued that, in light of his many years of experience in the funeral business, the Board of Embalmers and Funeral Directors should waive its administrative regulation regarding the educational requirements for licensure in order to achieve a "fair result." The Tenth District disagreed:
 {¶ 11} "[A]n agency is required to comply with the substantive requirements of its own regulations. Where the agency has enacted rules and regulations pursuant to statute which restrict the agency's discretion to grant or deny a benefit, such agency *Page 5 
has no power to waive the qualifications established by those rules or regulations." Id. at 572. (Citations omitted.)
 {¶ 12} Here, R.C. 4757.30(D) imposes a requirement of membership in AAMFT, as well as at least five years of practice in the area of marriage and family therapy, in order to obtain licensure under the grandparenting provision. It is undisputed that Dr. Mulhausen does not have the required membership in AAMFT. Furthermore, the Board does not have authority to make an exception to this requirement for Dr. Mulhausen. Accordingly, the trial court did not abuse its discretion in finding that the Board's decision denying Dr. Mulhausen's application for licensure was supported by reliable, probative, and substantial evidence and in accordance with the law.
 {¶ 13} Dr. Mulhausen raises other arguments on appeal which we decline to address. The transcript of the hearing before the Board demonstrates that Dr. Mulhausen's sole argument at the hearing was that the Board should exempt him from the AAMFT membership requirement because there was nothing in the statute precluding such an exemption. This argument was addressed above. None of the other arguments Dr. Mulhausen now raises on appeal were raised at the hearing.
 {¶ 14} It is well-settled that arguments not raised below cannot be raised for the first time on appeal. State ex rel. Gutierrez v. TrumbullCty. Bd. of Elections (1992), 65 Ohio St.3d 175, 177. "Below" includes issues not raised at the *Page 6 
administrative level. State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78, 82. See, also, Wagner v. Fulton Indus., Inc. (1997),116 Ohio App.3d 51, 54 (issue not raised at administrative hearing deemed waived on appeal).
 {¶ 15} Appellant's assignments of error are therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1