Kennedy, J.,
dissenting.
{¶ 35} Respectfully, I dissent. When an employer provides timely notice of its intent to submit medical reports on the claimant’s alleged permanent total disability and timely submits those reports pursuant to Ohio Adm.Code 4121-3-34(C)(4)(b) but the Industrial Commission, to the prejudice of the employer, fails to provide those evaluation reports to its examining physicians prior to their examinations as required by Ohio Adm.Code 4121 — 3—34(C)(5)(a)(Ii), the commission’s reports should be stricken. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and grant the writ of mandamus ordering the commission to vacate its staff hearing officer’s order of March 16, 2010, awarding permanent-total-disability (“PTD”) compensation and to conduct further proceedings without considering the reports of Drs. Fitz and Malinky.
{¶ 36} Once the Bureau of Workers’ Compensation and the commission adopt rules, they “must follow their own rules as written.” State ex rel. H.C.F., Inc. v. Ohio Bur. of Workers’ Comp., 80 Ohio St.3d 642, 647, 687 N.E.2d 763 (1998). See also Brooks v. Ohio Bd. of Embalmers & Funeral Dirs., 69 Ohio App.3d 568, 572, 591 N.E.2d 301 (10th Dist.1990) (“an agency is required to comply with the substantive requirements of its own regulations”).
{¶ 37} One of the purposes of the commission’s rule establishing the process for determining a PTD claim is to “ensure that applications * * * are processed and adjudicated in a fair and timely manner.” (Emphasis added.) Ohio Adm. Code 4121-3-34(A). When evaluating a claimant’s application for PTD benefits, the commission chooses an examining physician or physicians. See Ohio Adm. Code 4121 — 3—34(C)(5)(a)(iii).
{¶ 38} The rule also permits the claimant’s employer to provide independent “medical evidence” to the commission. Ohio Adm.Code 4121 — 3—34(C)(4)(b). If the employer timely files notice that it intends to submit medical evidence and *21 then provides that evidence to the commission, the commission is required to submit that medical evidence to its examining doctor, prior to his or her examination of the claimant. See Ohio Adm.Code 4121 — 3—34(C)(4)(b) (only where an employer fails to give timely notice of its intent to submit medical evidence is the examination with the examining doctor scheduled “without delay”).
{¶ 39} In this case, it is undisputed that the employer, Old Dominion, timely notified the commission that it intended to submit medical evidence and then submitted that evidence. Notably, Old Dominion’s medical evidence included reports from three doctors: Richard H. Clary, a psychiatrist; Oscar F. Sterle, an orthopedic surgeon; and Michael A. Murphy, a psychologist. All three had examined the claimant and had reached conclusions that were adverse to his application for PTD. However, the commission failed to deliver Old Dominion’s medical evaluations to the doctors selected by the commission, Drs. William R. Fitz and John M. Malinky (“examining doctors”) prior to their examination of the claimant.
{¶ 40} Approximately four months after receiving the examining doctors’ evaluation reports, the commission attempted to cure'the defect. It sent all three of the employer’s reports to Dr. Malinky and two of the three to Dr. Fitz and asked them whether these reports changed their opinions that the claimant was permanently and totally disabled. Both responded summarily in a handwritten note on the form that they had reviewed these reports and that they did not change their opinion.
{¶ 41} In affirming the Tenth District, the majority asserts that Ohio Adm. Code 4121-3-34 does not prohibit submitting supplemental information to physicians. Thereafter, the majority concludes that because the commission cured the defect and because Old Dominion’s claim of prejudice was speculative, the commission did not abuse its discretion in awarding the claimant PTD compensation.
{¶ 42} This determination, however, is diametrically opposed to our previous holding that once the commission adopts rules, it must follow its own rules as written. State ex rel. H.C.F., 80 Ohio St.3d at 647, 687 N.E.2d 763. The procedures to be followed in the commission’s rule establishing the process for determining a PTD claim depend in part on an employer’s compliance with the rule. Ohio Adm.Code 4121 — 3—34(C)(4)(b). If an employer timely files notice of its intent to submit medical evidence and then submits that evidence, the commission must forward that medical evidence to the examining doctor, prior to his or her examination of the claimant. See id. But if the employer fails to timely give notice of its intent to submit medical evidence, the commission will “without delay” schedule its medical examination, id., and the employer’s reports are submitted when received. The result is that a compliant employer get its *22 medical evidence considered by the examining doctor before the doctor examines the claimant, while the dilatory employer may not have its evidence considered by the examining doctor until after the examination has occurred.
{¶ 43} It is undisputed that Old Dominion is a compliant employer, but the majority’s holding treats it otherwise. The majority’s holding erodes not only the administrative rule at issue but the principle that “[ajdministrative regulations issued pursuant to statutory authority have the force and effect of law; consequently, administrative agencies are bound by their own rules until those rules are duly changed.” State ex rel. Cuyahoga Cty. Hosp. v. Ohio Bur. of Workers’ Comp., 27 Ohio St.3d 25, 28, 500 N.E.2d 1370 (1986).
{¶ 44} As the magistrate stated,
The commission’s rules do not provide for addendum reports of the commission’s examining physicians when the commission fails to follow its own rules regarding submission of the employer’s medical records to the commission’s examining physicians. Thus, the commission fashioned a remedy for this occasion in the hope that the addendum reports would cure the problem. In the magistrate’s view, the addendum reports do not cure the problem.
We do not know, and cannot ever know, to what extent the timely receipt of relator’s medical evidence by Drs. Fitz and Malinky prior to their respective examinations would have influenced the medical conclusions drawn by those physicians in their reports. We only know that the employer’s medical evidence did not change the medical conclusions of Drs. Fitz and Malinky when those doctors were asked to reconsider their conclusions after reviewing the employer’s medical records.
State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm., 10th Dist. Franklin No. 11AP-350, 2012-Ohio-2403, 2012 WL 1948824, ¶ 56-57, cause dismissed, 137 Ohio St.3d 467, 2013-Ohio-4655, 1 N.E.3d 332.
{¶ 45} I agree with the magistrate that the commission must follow its own rules and that the commission’s failure to do so prejudiced Old Dominion’s right to challenge the claimant’s PTD application.
{¶ 46} For the aforementioned reasons, I would hold that when an employer provides timely notice of its intention to submit medical evaluation reports of the claimant and timely submits the reports pursuant to Ohio Adm.Code 4121-3-34(C)(4)(b), but the commission, to the prejudice of the employer, fails to provide those reports to its examining physicians prior to their examinations as required by Ohio Adm.Code 4121-3-34(C)(5)(a)(ii), the commission’s reports must be *23 stricken. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and grant the writ of mandamus ordering the commission to vacate its staff hearing officer’s order of March 16, 2010, awarding PTD compensation and to conduct further proceedings without considering the reports of Drs. Fitz and Malinky.
Eastman & Smith, Ltd., Mark A. Shaw, and Melissa A. Ebel, for appellant.
Connor, Evans & Hafenstein, L.L.P., Nicole E. Rager, and Katie W. Kimmet, for appellee Robert L. Mason.
Michael DeWine, Attorney General, and Eric Tarbox, Assistant Attorney General, for appellee Industrial Commission.
{¶ 47} Accordingly, I respectfully dissent.