**COX, Plaintiff-Appellant, v. STATE MEDICAL BOARD, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4151. Decided May 25, 1948.

Lyman Brownfield, Sanborn and Brownfield, Columbus, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Genl., E. G. Schuessler, Chief Counsel, Joseph F. Ford, Asst. Atty. Genl., Columbus, for defendant-appellee.

**OPINION**

By MILLER, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas affirming an order of the State Medical Board denying the plaintiff-appellant a license to practice mechanotherapy, a limited branch of medicine. The grounds for the refusal were that the appellant failed to make the required grade.

The first error assigned is that the Court erred in holding that the appellant had not passed the examination required by statute. The record discloses that the appellant submitted to two examinations. One was given by four doctors of medicine and one doctor of osteopathy, all being members of the State Medical Board. This examination covered the subjects of anatomy. physiology, chemistry, diagnosis and pathology. The grade received in this examination was 55-4/5. The other examination was given by Harry F. Gleim, a mechanotherapist of established reputation and known ability, who was designated by the Board for that purpose. This examination resulted in a grade of 77½. The appellant was notified that he failed to pass the examination by reason of his grades in the "basic branches", and that his application for a license was denied. The appellant is contending that the examination in the "basic branches" by the members of

the State Board was not authorized by law and that since he passed the examination conducted by Harry F. Gleim, the mechanotherapist designated by the State Board, that the license should be granted to him. The statutes relating to the limited practice of medicine and surgery are found in §1274-1 to §1274-7 GC. Sec. 1274-1 GC provides that the State Medical Board shall establish rules and regulations governing mechanotherapy and shall examine persons desiring to practice in such limited branch of medicine.

Sec. 1274-2 GC provides as follows:

"For the purpose of establishing the practice of such limited branches the state medical board shall call to its aid the designated persons as provided in §1274-3 GC, and such designated persons shall examine any person who has practiced any such branch in Ohio for a period of at least one year prior to June first, 1915, and who makes application prior to October first, 1915, on a form prescribed by the board in those subjects only which are appropriate to the limited branch of medicine or surgery, for a certificate to practice which his application is made. * * * The examination of all applicants shall be conducted under rules prescribed by the board and at such times and places as the board may determine. Such examination shall be given in anatomy, physiology, chemistry, bacteriology, pathology, hygiene, diagnosis, and in such other subjects appropriate to the limited branches of medicine or surgery, certificate to practice which is applied for as the board may require."

Sec. 1274-3 GC provides as follows:

"For the purpose of conducting such examination the state medical board shall call to its aid any person * * * of established reputation and known ability in the particular limited branch in which examination is being held, * * *."

We are of the opinion that the purpose of the Legislature was to have the examination in the subjects appropriate to the limited practice conducted by a person of established reputation and known ability in the particular limited branch in which the examination is being held, and that the examination in the basic subjects shall be conducted by the Board under rules prescribed by it pursuant to the authority of §1274-1 GC, which provides:

"The State Medical Board shall also examine and register

persons desiring to practice any limited branch or branches of medicine or surgery and shall establish rules and regulations governing such limited practice * * *."

The record discloses that the following rule was adopted by the Board:

"The applicant for a license to practice mechanotherapy shall after submission and approval of his preliminary and professional credentials pass a licensing examination conducted by the State Medical Board in the subjects of anatomy, physiology, chemistry, bacteriology, pathology, hygiene and diagnosis, and before a special committee of licensed mechanotherapists appointed by the State Medical Board an examination in practice, symptomatology, diagnosis and therapeutics as applied to the practice of mechanotherapy * * *."

It seems to be the position of appellant that where the statute says that the Medical Board shall call the mechanotherapists to its aid this means that it shall turn the complete conduct of such examination to the person so called. With this contention we cannot agree. If the Legislature ever intended such a result it could easily have so stated, but that body used the phrase "called to its aid", and it did not say that such person should be substituted for the Board. "Aid" is defined by Webster as follows:

"To help; to further. Syn.—One who * * * promotes or helps in something done."

It is a cardinal rule of statutory construction that where a word of common use is employed, and such word is not technical in nature, unless a contrary sense is specifically expressed, such word will be deemed to have been used in its ordinary sense. It is our conclusion that it was the intention of the Legislature that the examination in general subjects should be conducted by persons especially qualified therein and to have the examination in the special subjects also conducted by specially qualified persons. This is what the Board did and its acts met the legislative requirements.

The next error assigned is that the Court erred in sustaining the constitutionality of the appellee's order. It is contended that the examination given to this appellant was not reasonably appropriate to the purpose; that it constituted an "over

examination". This question has been passed upon by our Supreme Court in the case of **Williams v. Scudder**, **102 Oh St 305.** Syllabus 7 provides:

"The act of the general assembly, passed April 27, 1915 (106 O. L., 202-204), now §§1274-1 to 1274-7 GC, further regulating the practice of medicine and surgery by authorizing the examination and registration of practitioners in the limited branches thereof, is a constitutional and valid exercise of legislative power."

We therefore hold that there was no error in this assignment.

The next error assigned is that the Board abused its discretion in grading the papers of the applicant, such contention being based on the statement that the Board had no "approved solution to the questions". There is no evidence in the record of any nature showing that the questions were improperly, arbitrarily or capriciously graded. We cannot substitute our judgment on these questions and answers for that of the Medical Board. The principle is well stated in the case of People, ex rel. Jones v. New York Homeopathic Medical College, 20 N. Y. Supp., 379, wherein it was said:

"The Court cannot reexamine the relator as to his qualifications to practice medicine, nor to go over the studies in which he is said to be deficient. If it attempted to do so the relator's road would be easy, for, with his experience, imperfect though it may be, he would no doubt pass a better medical examination than any court could be expected to give him. The law wisely intended no such result. It leaves the subject where it belongs,—with those qualified to master it."

We find no prejudicial error in the record, and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.