HALL, Appellant,

v.

OHIO BOARD OF LANDSCAPE ARCHITECT EXAMINERS, Appellee.

[Cite as *Hall v. Ohio Bd. of Landscape Architect Exam.* (1993), 91 Ohio App.3d 401.]

Court of Appeals of Ohio,
Summit County.

No. 16146.

Decided Nov. 3, 1993.

*Duane Morris,* for appellant.

*Laurel D. Blum,* for appellee.

REECE, Judge.

Appellant, James B. Hall, appeals from the court of common pleas' affirmance of the State Board of Landscape Architect Examiners' determination that Hall failed section 3 of the Uniform National Examination. Because the common pleas court did not apply the correct standard for an administrative review, we reverse.

Hall took section 3 of the Uniform National Examination from June 17 to June 19, 1991. He received a score of 85. He needed a score of 94 to pass. On December 6, 1991, Hall appeared before the State Board of Landscape Architect Examiners (the "board") and appealed the grading of his exam. The board upheld the original grading.

On January 2, 1992, Hall appealed the board's decision to the common pleas court. After hearing the matter, the court remanded the case to the board to make findings of fact. On January 8, 1993, based on the findings of fact, the court raised Hall's exam score by six points to 91, still a failing score. Hall then argued that the board's factual determinations as to five of the questions were incorrect because they were not based on reliable, probative, and substantial evidence. The court determined that in the absence of arbitrary or capricious grading, it would not substitute its judgment for that of the board and therefore upheld the board's decision. Hall appeals.

### Assignment of Error 1

"The lower court erred in holding that it cannot interfere with what the grader of the examination had done unless the record shows that * * * 'The questions were improperly, arbitrarily or capriciously graded.' "

Hall argues in his first assignment of error that the trial court did not apply the correct standard for an administrative review. We agree. The trial court's order stated in pertinent part:

"In the absence of arbitrary or capricious grading, a court will not substitute its judgment for that of a professional licensing board as to grades received by an applicant for admission to the practice of a profession. *Cox v. State Medical Board of Ohio* (1948), 83 Ohio App. 316 [38 O.O. 389, 54 Ohio Law Abs. 244, 83 N.E.2d 648].

"This Court finds no evidence of arbitrary or capricious grading as to questions 9.6, 3.1, 3.2, 6.1, and 6.2. Therefore, this Court will not substitute its judgment for that of the Board concerning these disputed questions."

Under R.C. 4703.33(A), the board's authority to control the profession of landscape architecture is governed by R.C. Chapter 119. In reviewing an order

of an administrative agency under R.C. 119.12, the common pleas court's standard of review generally requires the court to affirm the agency's order unless it finds that the order is not supported by reliable, probative, and substantial evidence and is not in accordance with the law. *Bottoms Up, Inc. v. Liquor Control Comm.* (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476.

Here, the judgment entry indicates that the common pleas court did not apply the proper standard of·review. The common pleas court was correct in that as a reviewing court it "must give due deference to the administrative resolution of evidentiary conflicts" and therefore must not substitute its judgment for that of the administrative agency. *Hawkins v. Marion Corr. Inst.* (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724 (quoting *Univ. of Cincinnati v. Conrad* [1980], 63 Ohio St.2d 108, 111, 17 O.O.3d 65,· 67, 407 N:E.2d 1265, 1267). However, R.C. 119.12 still requires the court to consider the entire administrative record and any additional evidence the court has admitted in order to determine if the agency's decision is "supported by reliable, probative, and substantial evidence and is in accordance with law." The court's judgment entry in this case does not reflect that it made such a determination.

Additionally, the common pleas court's reliance on *Cox* is misplaced. The standard of review in *Cox* was whether the medical board had abused its discretion in grading the plaintiff's exam. 83 Ohio App. at 320, 38 O.O. at 391, 54 Ohio Law Abs. at 248, 83 N.E.2d at 650. Here, the landscape architect board's authority is statutorily controlled by R.C. 119.12, which specifically provides that the standard of review is reliable, probative, and substantial evidence. Thus, the *Cox* decision is not applicable to the facts in this case. Accordingly, Hall's first assignment of error is well taken.

### Assignment of Error 2

"The judgment of the lower court is against the manifest weight of the evidence."

R.C. 119.12 does not provide for a "manifest weight" standard in administrative appeals. *Bottoms Up, Inc., supra.* Hall's second assignment of error, therefore, is without merit.

Because the common pleas court did not apply the proper standard of administrative review under R.C. 119.12, its judgment entry is reversed, and the cause is remanded for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and BAIRD, J., concur.