OPINION
{¶ 1} Appellant Ohio Department of Job and Family Services ("ODJFS") appeals the decision of the Court of Common Pleas, Fairfield County, which reversed an administrative decision which had removed Appellee Thomas Flowers from benefits under the Ohio Home Care Waiver Program ("OHCW"). The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1998, the Fairfield County Department of Job and Family Services enrolled Appellee Flowers in the OHCW program, which provides nursing, skilled therapy, and other types of services to individuals whose health care problems are severe enough to require institutionalization, but who have chosen to remain at home. See OAC 5101:3-12-03(C). On March 8, 2004, CareStar, a case management service provider, conducted an annual assessment and recommended that Flowers be disenrolled from the OHWC. On April 6, 2004, Flowers requested a state hearing, which resulted in a decision finding he no longer met the criteria for eligibility in said program. Flowers then pursued an administrative appeal, which resulted in an affirmance of the state hearing decision.
 {¶ 3} Flowers thereupon filed an appeal with the Fairfield County Court of Common Pleas. On August 26, 2005, the court issued a judgment entry reversing the decision of the administrative hearing examiner. On September 26, 2005, ODJFS filed a notice of appeal from the decision of the common pleas court. The two Assignments of Error are as follows:
 {¶ 4} "I. THE LOWER COURT ERRED WHEN IT STATED THAT MR. FLOWERS SHOULD BE ELIGIBLE FOR THE OHIO HOME CARE PROGRAM SOLELY BECAUSE MR. FLOWERS REQUIRES ASSISTANCE WITH A SINGLE ACTIVITY OF DAILY LIVING AS DEFINED IN OHIO ADMINISTRATIVE CODE 5101:3-3-06(B)(1)(a) THROUGH (f).
 {¶ 5} "II. THE LOWER COURT APPLIED THE INCORRECT STANDARD OF REVIEW WHEN IT DETERMINED THAT THE `DECISION OF THE ADMINISTRATIVE HEARING EXAMINER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.' THE LOWER COURT SHOULD HAVE DETERMINED WHETHER THE ADMINISTRATIVE HEARING EXAMINER'S DECISION WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW.
 II. {¶ 6} As we find the Second Assignment of Error dispositive of the present appeal, we will address it first. In this assigned error, ODJFS contends the trial court committed reversible error by applying a "manifest weight" standard of review to the decision of the administrative hearing examiner. We agree.
 {¶ 7} OAC 5101:3-3-06 sets forth "the criteria used to determine whether an individual who is seeking medicaid payment for long term care services needs an intermediate level of care (ILOC)." The administrative appeal procedures of R.C. 119.12
apply to cases brought in reference to OAC 5101:3-3-06. See R.C.5101.35(E); Wolff v. Dept. of Job Family Serv., Franklin App. No. 05-AP-568, 2006-Ohio-214. In such an administrative appeal, the trial court reviews an ODJFS order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Id. at ¶ 15, citing Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108. When reviewing the trial court's determination regarding whether an administrative order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. Lincoln Street Salvage v. Ohio Motor VehiclesSalvage Dealers Licensing Bd., Stark App. No. 2002CA00089, 2002-Ohio-4661, ¶ 10, citing Young v. Cuyahoga Work TrainingAgency (July 19, 2001), Cuyahoga App. No. 79123 and RossfordExempted Village School District Bd. of Educ. v. State Bd. ofEduc. (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Nonetheless, on questions of law, review by an appellate court is plenary. Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus.
 {¶ 8} In the case sub judice, the trial court ruled in pertinent part as follows:
 {¶ 9} "In the Court's view the issue in controversy here is whether Appellant needs assistance with at least two activities of daily living (hereinafter ADL). In the Court's judgment, and irrespective of the letters submitted by Plaintiff from Drs. Allen and Dunbar (dated 11/1/04 and 10/05/04, respectively) the Court finds that the decision of the Administrative Hearing Examiner is against the manifest weight of the evidence. The Court has reevaluated the credibility of the evidence with due deference to the administrative findings. Upon review, in the Court's opinion the Appellant requires hands on assistance with the completion of an activity of daily living as defined in Ohio Administrative Code 5101: 3-3-06(B)(1)(a) through(f). Therefore, the Hearing Examiner was incorrect in determining that Appellant no longer qualifies for the Ohio Home Care Waiver." Judgment Entry, August 26, 2005, at 1 (emphasis added).
 {¶ 10} Upon review, we find merit in ODJFS's claim that the trial court applied an incorrect standard of review under R.C.119.12. Although Appellee Flowers urges in response that "if the [trial] court believed the administrative decision was against the manifest weight of the evidence, then it could not have been supported by reliable, probative, and substantive (sic) evidence," (Appellee's Brief at 7), we nonetheless find error as a matter of law in the judgment entry sub judice, and the proper remedy is to reverse and remand to the trial court for application of the proper standard of review. Accord Irons v.Ohio Dept. of Human Services (Aug. 14, 1998), Lucas App. No. L-97-1208, citing Diversified Benefit Plans Agency, Inc. v.Duryee (1995), 101 Ohio App.3d 495, 655 N.E.2d 1353 (additional citations omitted).
 {¶ 11} Appellant's Second Assignment of Error is sustained.
 I. {¶ 12} In its First Assignment of Error, ODJFS contends the trial court's findings as to the issue of "activities of daily living" (see OAC 5101:3-3-06(B)(1)) are insufficient to conclude Flowers is eligible for the OHCW. However, based on our conclusion as to the Second Assignment of Error, we find this argument premature.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J., Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between Appellant and Appellee.