CASTLE, Appellee,

v.

OHIO DEPARTMENT OF COMMERCE, Division
of Financial Institutions, Appellant.

</div>

[Cite as Castle v. Ohio Department Of Commerce, 168 Ohio App.3d 74, 2006-Ohio-3702.]

<div style="text-align: center">

Court of Appeals of Ohio,
Fifth District, Morrow County.

No. 05 CA 17.

Decided July 20, 2006.

</div>

John G. Neal, for appellee.

Jim Petro, Attorney General, and Matthew J. Lampke, Assistant Attorney General, for appellant.

Wise, Presiding Judge.

{¶ 1} Appellant Ohio Department of Commerce, Division of Financial Institutions ("DFI"), appeals the decision of the Morrow County Court of Common Pleas that reversed DFI's decision to deny appellee Kristina Castle a loan officer's license. The following facts give rise to this appeal.

{¶ 2} On February 17, 2004, appellee applied to DFI for a loan officer's license. On May 14, 2004, after conducting an investigation, DFI provided notice of its intent to deny appellee's application. DFI concluded that appellee's character and fitness do not command the confidence of the public due to her previous felony conviction for operating a pyramid sales plan. DFI also concluded that appellee failed to prove that she is honest, truthful, and of good reputation.

{¶ 3} Castle requested a hearing, which DFI conducted on August 11, 2004. The hearing examiner issued a report recommending denial of the license. Castle filed objections. Subsequently, DFI issued a final order adopting the report and recommendation and denying the loan officer's license. Pursuant to R.C. Chapter 119, Castle appealed the administrative order to the Morrow County Court of Common Pleas. The trial court reversed the order of DFI and remanded the matter in order for DFI to issue a loan officer's license to appellee.

{¶ 4} DFI timely filed a notice of appeal and sets forth the following assignment of error for our consideration.

{¶ 5} "I. The lower court applied an improper standard of review in reversing the administrative order of the Division of Financial Institutions."

I

{¶ 6} In its sole assignment of error, DFI maintains that the trial court applied an incorrect standard of review when it reversed the order denying appellee's request for a loan officer's license. We agree.

{¶ 7} In an appeal pursuant to R.C. Chapter 119, the trial court reviews an administrative order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. *Wolff v. Dept. of Job & Family Serv.*, 165 Ohio App.3d 118, 123, 2006-Ohio-214, 844 N.E.2d 1238, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 407 N.E.2d 1265. When reviewing the trial court's determination regarding whether an administrative order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. *Lincoln St. Salvage v. Ohio Motor Vehicles Salvage Dealers Licensing Bd.*, Stark App. No. 2002CA00089, 2002-Ohio-4661, 2002 WL 31002745, at ¶ 10, citing *Young v. Cuyahoga Work & Training Agency* (July 19, 2001), Cuyahoga App. No. 79123, 2001 WL 824466, and *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240.

{¶ 8} The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Nonetheless, on questions of law, review by an appellate

court is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus.

{¶ 9} In its judgment entry issued on November 14, 2005, the trial court initially stated that a "trial court reviews an agency's order to determine whether the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In doing so, the court must give deference to the administrative resolution of evidentiary conflicts." As noted above, this is the correct standard of review for trial courts to apply in an R.C. Chapter 119 appeal. However, the trial court concluded that "the denial of the license is against the weight of the evidence and that the hearing officer applied the wrong standard." At the conclusion of the judgment entry, the trial court further found that "[b]y a preponderance of the evidence presented at the hearing in this case, it is clear that Appellant Castle has met her burden under R.C. 1322.041."

{¶ 10} Upon review of the trial court's judgment entry, we find that the trial court initially cited the correct standard but applied a manifest-weight standard and preponderance-of-the-evidence standard in reaching its conclusion that DFI should grant appellee a loan officer's license. This is not the correct standard of review under R.C. 119.12. Appellee argues that even if we find that the trial court applied the incorrect standard of review, the error is harmless because appellee's felony conviction for a theft offense does not stand alone as reliable, probative evidence as to her character for fitness or her ability to operate as a loan officer. Appellee further maintains the trial court's conclusion should not be overruled because the decision was not unreasonable, arbitrary, or unconsciona-ble, given the totality of the circumstances.

{¶ 11} Because we find error as a matter of law in the trial court's judgment entry, the proper remedy is to reverse and remand this matter to the trial court for the court to apply the proper standard of review. See *Flowers v. Ohio Dept. of Job & Family Serv.*, Fairfield App. No. 05 CA 94, 2006-Ohio-2159, 2006 WL 1135028.

{¶ 12} Accordingly, we sustain DFI's sole assignment of error.

{¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

FARMER and EDWARDS, JJ., concur.