OPINION *Page 2 
{¶ 1} On February 17, 2004, appellee, Kristina Castle, applied for a loan officer's license with appellant, the Ohio Department of Commerce, Division of Financial Institutions. On May 14, 2004, appellant notified appellee of its intent to deny the application because of appellee's character and fitness. In March of 2002, appellee had been convicted of operating a pyramid sales scheme.
 {¶ 2} An administrative hearing was held on August 11, 2004. By report dated September 15, 2004, the hearing officer recommended the denial of appellee's application. By order filed May 19, 2005, appellant followed the recommendation and denied appellee's application.
 {¶ 3} Appellee filed an appeal with the Court of Common Pleas of Morrow County. By judgment entry filed November 14, 2005, the trial court reversed appellant's order. Appellant appealed and this court reversed the trial court's decision and remanded the matter for further proceedings. See, Castle v. Ohio Department of Commerce, Division ofFinancial Institutions, Morrow App. No. 05CA17, 2006-Ohio-3702. Upon remand, the trial court again reversed appellant's order. See, Decision filed October 17, 2006.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT APPLIED AN IMPROPER STANDARD OF REVIEW IN REVERSING THE ADMINISTRATIVE ORDER OF THE DIVISION OF FINANCIAL INSTITUTIONS." *Page 3 
 II {¶ 6} "THE LOWER COURT ABUSED ITS DISCRETION IN FINDING THE ORDER OF THE DIVISION OF FINANCIAL INSTITUTIONS IS NOT SUPPORTED BY RELIABLE PROBATIVE AND SUBSTANTIAL EVIDENCE."
 I, II {¶ 7} Appellant claims the trial court erred in reversing its decision denying appellee's application for a loan officer's license. We agree.
 {¶ 8} In an appeal pursuant to R.C. Chapter 119, the trial court reviews an administrative order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. Wolff v. Department of Job Family Services,165 Ohio App.3d 118, 2006-Ohio-214, citing University of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108. When reviewing the trial court's determination regarding whether an administrative order is supported by such evidence however, the appellate court determines only whether the trial court abused its discretion. Lincoln Street Salvage v. Ohio Motor Vehicles SalvageDealers Licensing Board, Stark App. No. 2002CA00089, 2002-Ohio-4661, at ¶ 10, citing Young v. Cuyahoga Work Training Agency (July 19, 2001), Cuyahoga App. No. 79123, and Rossford Exempted Village School DistrictBoard of Education v. State Board of Education (1992),63 Ohio St.3d 705. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. Nonetheless, on questions of law, review by an appellate court is plenary. University Hospital, University *Page 4 of Cincinnati College of Medicine v. State Employment RelationsBoard (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 9} Appellant argues the trial court substituted its own judgment on the issue of appellee's character and fitness pursuant to R.C.1322.041(A)(3) which states the following:
 {¶ 10} "(3) The applicant has not been convicted of or pleaded guilty to any criminal offense described in division (A)(2) of section 1322.031
of the Revised Code and the applicant has not pleaded guilty to or been convicted of a violation of an existing or former law of this state, any other state, or the United States that substantially is equivalent to a criminal offense described in that division. However, if the applicant has been convicted of or pleaded guilty to any such offense other than theft, the superintendent shall not consider the offense if the applicant has proven to the superintendent, by a preponderance of the evidence, that the applicant's activities and employment record since the conviction show that the applicant is honest, truthful, and of good reputation, and there is no basis in fact for believing that the applicant will commit such an offense again."
 {¶ 11} The hearing officer acknowledged appellee had presented evidence of her character from a few long-standing friends and her ex-husband, but concluded her evidence failed to meet, by the preponderance of the evidence, her burden under R.C. 1322.041(A)(3) cited supra:
 {¶ 12} "17. The record before the Hearing Officer shows unequivocally that the Respondent has been convicted of a felony offense of operating a pyramid scheme. This kind of conviction goes to the heart of the financial services and securities *Page 5 
industries. Moreover, the conviction occurred in 2002 and involves activities that occurred in 2000, both only a few short years before the hearing in this matter. While the Respondent was young at the time of her criminal activity and involvement in the pyramid scheme operation, youthfulness and naiveté do not combine to make a perfect defense to that activity. The Respondent remains on probation with the Delaware County Court of Common Pleas and has not yet completed payment of restitution to all victims of her activities.
 {¶ 13} "18. This hearing officer is not comfortable recommending that the Respondent be allowed to be licensed as a loan officer in Ohio. The residential loan industry thrives because it is both based on openness and honesty while at the same time based on the strictly-held idea that sensitive financial information is held in utmost confidence. The fact that the conviction occurred in the recent past, the fact that the conviction is in the direct financial-related industry combine to convince this Hearing Officer that the Division has met its burden of proof to show that the Respondent's character and fitness do not command the confidence of the public and warrant the belief that the business will be operated honestly and fairly in compliance with the purposes of the Ohio Mortgage Broker Act.
 {¶ 14} "19. Further, the Hearing Officer concludes that the Respondent has not met her burden of proof to show by a preponderance of the evidence that her activities and employment record since her conviction show that she is honest, truthful and of good reputation and that there is no basis for believing that she will commit such an offense again. While the Respondent has presented witnesses with long-standing *Page 6 
friendships to her, there is also evidence is (sic) the record that the Respondent's reputation in the community is not unanimously high."
 {¶ 15} These conclusions are substantiated by the hearing officer's findings at paragraph 10:
 {¶ 16} "10. At the time of the Hearing in this matter, the Respondent was still on probation in Delaware County. (Tr. 61). There is still two and one-half years of probation ahead of the Respondent unless she completes her required restitution payments. She has paid back to date approximately $18,000. (Tr. 61). The Respondent stated that several people to whom she had paid restitution had offered to return that money to her but she has declined that generosity. (Tr. 62)."
 {¶ 17} The trial court's October 17, 2006 decision centers on appellee's naiveté in the pyramid scheme, and her reputation with close acquaintances.
 {¶ 18} Appellee's employment record since the conviction consists of a termination from ATT because of the conviction, a position with New Pros Communications where she was a telemarketer, sales coach, sales manager, and sales trainer, to her current position with AmeriFirst. August 11, 2004 T. at 49, 69. At AmeriFirst, appellant is a processor/assistant to the loan officers. Id. at 49. No one from AmeriFirst "who have actually worked with her in the loan officer capacity" was called to testify "as to what her truth and veracity is within the operation of that position." Id. at 71. The record does not contain any evidence of whether she is honest, truthful, and of good reputation since her conviction.
 {¶ 19} Upon review, we conclude the trial court centered its decision on forgiveness of a twenty year old that made a mistake instead of addressing appellee's *Page 7 
burden under R.C. 1322.041(A)(3). Therefore, we find the trial court substituted its judgment for that of the hearing officer's.
 {¶ 20} Assignments of Error I and II are granted.
 {¶ 21} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby reversed.
 Farmer, J. Gwin, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1