JOHNSON et al., Appellees,

v.

OHIO FAIR PLAN UNDERWRITING ASSOCIATION, Defendant–Appellant.

[Cite as *Johnson v. Ohio FAIR Plan Underwriting Assn.*, 174 Ohio App.3d 218, 2007-Ohio-6505.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–367.

Decided Dec. 6, 2007.

David D. Johnson and Twila M. Johnson, pro se.

Fulmer & Company, L.P.A., and Amy M. Fulmer, for appellant.

KLATT, Judge.

{¶ 1} Appellant, Ohio FAIR Plan Underwriting Association, appeals from an order of the Franklin County Court of Common Pleas reversing an order of the Ohio Department of Insurance that denied additional payments to appellees, David and Twila Johnson, under their Ohio FAIR Plan Homeowners Insurance Policy. Because the trial court applied the wrong standard of review, we reverse and remand the matter to the trial court to apply the proper standard of review.

{¶ 2} Appellees insured their home in Toledo, Ohio, with a homeowners policy issued by appellant. During the effective period of the policy, appellees' house was damaged as the result of vandalism. Shortly after the damage, appellees submitted a proof-of-loss form to appellant. After making a number of payments to appellees, appellant denied additional payments, claiming that Mr. Johnson had overstated the value of the property loss. After a number of appeals, the Superintendent of the Ohio Department of Insurance ultimately upheld appellant's denial of additional payments under appellees' homeowners policy.

{¶ 3} Appellees appealed the superintendent's decision to the Franklin County Court of Common Pleas. The trial court reversed the decision and entered judgment in favor of appellees. Appellant now appeals and assigns the following errors:

1. The court of common pleas abused its discretion when it failed to apply the appropriate standard of review to the order of the Superintendent of Insurance.

2. The court of common pleas abused its discretion by failing to uphold the order of the Superintendent when such order was supported by reliable, probative, and substantial evidence and was in accordance with law.

3. The court of common pleas abused its discretion by failing to uphold the order of the Superintendent—had it applied the correct standard, it could find

only that the order was supported by reliable, probative, and substantial evidence.

4. The court of common pleas abused its discretion by failing to uphold the order of the Superintendent—had it applied the correct standard, it could find only that the order was in accordance with law.

5. The trial court abused its discretion by failing to hold a hearing to accept evidence in order to determine the amount of damages, as required.

{¶ 4} Appellant contends in its first assignment of error that the trial court applied the wrong standard of review when it reversed the superintendent's order. We agree. A trial court's application of a standard of review when reviewing an administrative order is a question of law, which we review de novo. *Beck v. Ohio Dept. of Commerce*, Clermont App. No. CA2005–04–030, 2006-Ohio-60, 2006 WL 39408, at ¶ 7; *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835 (de novo review applies to questions of law).

{¶ 5} In the present case, the trial court noted in its order that it may "reverse, vacate, modify or otherwise substitute its judgment for that of the Superintendent's. Wherefore weighing the overwhelming evidence of direct testimony pleadings and interrogatories against the Defendant [appellant], this court finds [for appellees]." This is an incorrect statement of the trial court's standard of review of an order from the Department of Insurance.

{¶ 6} When reviewing an order of an administrative agency under R.C. 119.12, a trial court must affirm the order if it is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12. Although the trial court may, to a limited extent, substitute its judgment for that of the agency, the trial court must give due deference to the agency's resolution of evidentiary conflicts. *Collins v. Ohio State Racing Comm.*, Franklin App. No. 03AP–587, 2003-Ohio-6444, 2003 WL 22846110, at ¶ 20, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265. The agency's findings of fact are presumed to be true and must be deferred to unless the trial court determines that they are inconsistent, impeached, rest upon improper inferences, or are otherwise unsupportable. *Gen. Motors Corp. v. Joe O'Brien Chevrolet, Inc.* (1997), 118 Ohio App.3d 470, 482, 693 N.E.2d 317, quoting *Conrad*.

{¶ 7} In its order, the trial court clearly applied the wrong standard of review. There is also no indication that the trial court examined the record to determine whether the agency's decision was supported by reliable, probative, and substantial evidence. Moreover, not only did the trial court fail to give deference to the agency's factual determination, it actually construed the evidence against the

agency. Because the trial court did not apply the legal standard set forth in R.C. 119.12, its order is reversed, and this matter is remanded to the trial court for review under the proper standard. *Castle v. Ohio Dept. of Commerce,* 168 Ohio App.3d 74, 2006-Ohio-3702, 858 N.E.2d 843, at ¶ 11; *Hall v. Ohio Bd. of Landscape Architect Examiners* (1993), 91 Ohio App.3d 401, 403, 632 N.E.2d 954.

{¶ 8} Appellant's first assignment of error is sustained. This disposition renders appellant's four other assignments of error moot. App.R. 12(A).

Judgment reversed
and cause remanded.

SADLER, P.J., and TYACK, J., concur.